UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-289(8) (SRN/BRT)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | ORDER |
| v. | : | |
| EDUARDO PENALOZA ROMERO, | : | |
| Petitioner | : | |

This matter is before the Court on the Government's Motion seeking an Order recognizing that Defendant Eduardo Penaloza Romero has waived the attorney-client privilege with respect to his communications with his trial counsel Robert Paule, Esq., as to multiple issues relative to Mr. Paule's performance as counsel. This includes but is not limited to: the plea negotiation process; Defendant's plea and plea hearing; representation during Defendant's sentencing phase; and any post-sentencing communications between Defendant and Mr. Paule.

Defendant on or about December 28, 2017, filed a Motion for Section 2255 relief. ECF 613. As introduced above, Defendant's motion is based primarily upon multiple claims of ineffective assistance of counsel. *See generally,* ECF 613-615.  In deciding these issues, the Court will benefit from the facts known to former defense counsel Robert Paule, Esq.

Consequently, it is hereby ordered that attorney Robert Paule, Esq., is authorized and directed to provide to the Court or the Government, as applicable, in the form of an affidavit and/or testimony, information which will aid the Court's resolution of

Defendant's 28 U.S.C. § 2255 claims. The affidavit and/or testimony shall be directly responsive to the allegations raised by Defendant.

It is well settled that a defendant who attacks the competence of his attorney in a proceeding waives the attorney-client privilege. <u>Tasby v. United States</u>, 504 F.2d 332, 336 (8th Cir. 1974). In <u>Thompson v. United States</u>, 7 F.3d 1377, 1378 (8th Cir. 1993), the court used the affidavits of former counsel to refute claims of ineffective assistance.

Defendant has waived his attorney-client privilege by challenging his former counsel's effectiveness, and Defendant's position with regard to Mr. Paule is now adversarial. Counsel is thereby ordered to respond as directed.

Dated: March 9, 2018

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge