# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Eduardo Penaloza-Romero,<br><br>Defendant. | Case No. 14-cr-289 (8) (SRN/BRT)<br><br>**AMENDED<br>MEMORANDUM OPINION<br>AND ORDER** |

Allen A. Slaughter, Jr., United States Attorney's Office, 300 South 4th St., Ste. 600, Minneapolis, MN 55415, for Plaintiff.

Eduardo Penaloza-Romero, # 18184-041, FCI Sandstone, P.O. Box 1000, Sandstone, MN 55072, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Eduardo Penaloza-Romero's Pro Se Motion to Vacate, Set Aside, or Correct the Sentence Imposed Pursuant to 28 U.S.C. § 2255 [Doc. No. 613]. Based on a review of the file, record and proceedings therein, and for the reasons set forth below, the Court denies Defendant's motion.

## I.    Background

On September 23, 2014, Defendant was charged with one count of conspiracy to distribute methamphetamine and marijuana in violation of 21 U.S.C. §841(a)(1) and four counts of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B). (Superseding Indictment at 1–10 [Doc. No. 15].)

1

On August 26, 2015, Defendant pled guilty to a single count of conspiracy to distribute methamphetamine and marijuana with the Government pursuant to a plea agreement (the "Plea Agreement"). (*See* Aug. 26, 2015 Min. Entry [Doc. No. 311].) In the Plea Agreement, Defendant admitted that, from at least November 2013 through at least August 2014, he conspired with others to distribute methamphetamine and marijuana. (Plea Agreement [Doc. No. 314] at 2.) Specifically, Defendant agreed that he voluntarily and intentionally joined an agreement or understanding with others known and unknown to distribute methamphetamine or other controlled substances. (*Id.*) Also pursuant to the Plea Agreement, Defendant waived his right to file pretrial motions, and recognized that the offense in Count 1, the conspiracy count, carried the statutory maximum penalty of life imprisonment and a mandatory-minimum term of not less than 10 years' imprisonment. (*Id.* at 4.)

At the hearing on his change of plea, Defendant testified under oath that he was satisfied with the representation of his legal counsel, Mr. Robert Paule, and he had sufficient time to discuss the charges against him, the terms of the Plea Agreement, and his decision to plead guilty. (Aug. 26, 2015 Hr'g Tr. [Doc. No. 583] at 6:12–14.)

Three times, in response to questions from the Court and counsel for the Government, Defendant specifically expressed his understanding that pursuant to the Plea Agreement, he waived any right to appeal his sentence, unless his sentence was greater than 327 months imprisonment. (*Id.* at 12:11–16, 27: 4–9, 37:3–8.) Defendant engaged in colloquy with the Court on this subject:

> Court: Okay. Now, ordinarily the parties retain their rights to appeal. But here, both sides have waived certain rights. So, in your case, you've agreed that you give up the right to appeal your sentence unless the term of imprisonment I impose is greater than 327 months. Do you understand that?
>
> Defendant: I do understand.

(*Id.* at 37:3-8.)

In January 2017, this Court sentenced Defendant to a prison term of 196 months. (Sentencing J. at 2 [Doc. No. 569].) Defendant filed an appeal with the Eighth Circuit Court of Appeals. (*See* Def.'s Pro Se Notice of Appeal [Doc. No. 572].) Mr. Paule filed a brief in support of Defendant's appeal. (*See* Gov't Resp. in Opp. [Doc. No. 632], Ex. 4.) The Eighth Circuit dismissed the appeal, citing Defendant's waiver of appeal. *United States v. Penaloza-Romero*, No. 17-1159, at 2–4 (8th Cir. Feb. 9, 2018).

Defendant then filed this pro se § 2255 motion in December 2017, seeking to vacate, set aside, and correct his sentence. He argues that his plea was involuntary and unknowing and that he received ineffective assistance of counsel stemming from: (1) counsel's failure to object to the three-level and two-level enhancement for an aggravating role; (2) counsel's failure to object to the two-level firearm enhancement under 18 U.S.C. § 924(c); (3) counsel's failure to file an appeal to the Eighth Circuit; and (4) counsel's failure to properly brief certain suppression motions. (*See* Def.'s Mem. in Supp. of § 2255 Mot. ("Def.'s Mem.") [Doc. No. 614].)

Defendant also filed a motion to amend his original § 2255 motion both on October 26, 2018 and November 19, 2018 and the Court granted both motions. In his October amendment, Defendant argues that he received ineffective assistance of counsel

due to his counsel's failure to properly argue the safety valve provision under 18 U.S.C. § 3553(f). (Def.'s First Mot. for Leave to Amend Original § 2255 Mot. ("Def.'s First Mot.") [Doc. No. 648].) In his November amendment, Defendant argues that he received ineffective assistance of counsel due to his counsel's failure to argue the defenses of "sentencing entrapment" and "sentencing manipulation." (Def.'s Second Mot. for Leave to Amend Original § 2255 Mot. ("Def.'s Second Mot.") at 3–7 [Doc. No. 654].)

## II. Discussion

### A. Legal Standard

Under § 2255,

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). This relief is only available in limited circumstances and is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). Petitioner bears the burden of proof as to each ground for relief. *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969).

In order to obtain relief for ineffective assistance of counsel, Defendant must establish both that his counsel's performance "fell below an objective standard of

reasonableness" and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Defendant bears the burden of establishing to a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *Id.* In a case involving a plea agreement, this requires a showing that "'there [was] a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial.'" *York v. Lockhart*, 856 F.2d 61, 63 (8th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

This is a "heavy burden," *United States v. Apfel*, 97 F.3d at 1076, requiring a defendant to show that the deficiency in counsel's performance was "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687. A defendant must show that counsel's errors were not the result of "reasonable professional judgment." *Id.* at 690. Moreover, a court's review of counsel's performance is highly deferential, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

### B. Alleged Involuntary and Unknowing Guilty Plea

Defendant claims that, due to his counsel's ineffective assistance, his guilty plea was not made knowingly and voluntarily. (Def.'s Mem. at 5.) First, Defendant claims that "the []plea waiver was not voluntary" because he was not given proper notice and instruction regarding the waiver of his right to appeal. (*Id.* at 5–7.) Second, Defendant

also contends that he was "coached into admitting that he had not been threatened or corced [sic] [or] that he in fact was guilty of the charging offenses . . . ." (*Id.*)

The Eighth Circuit has observed that the right to appeal is not a constitutional right, but "'purely a creature of statute.'" *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003) (quoting *Abney v. United States*, 431 U.S. 651 (1977)). Given that the Supreme Court has allowed a defendant to waive his or her constitutional rights in a guilty plea, a defendant is similarly allowed to waive his or her statutory right to appeal. *Andis*, 333 F.3d at 889. When a purported waiver is challenged, courts "must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *Id.* at 889–90. And even if a waiver was entered into under such conditions, courts will not enforce a waiver if doing so would result in a miscarriage of justice. *Id.* at 890.

The Plea Agreement's waiver clause provides:

> Defendant understands that by pleading guilty Defendant waives all right to a trial or appeal on the question of guilt or innocence. . . . In exchange for concessions made by the United States in this plea agreement, Defendant waives the right to appeal or to contest, directly or collaterally, his guilty plea or sentence on any ground, unless the sentence of imprisonment exceeds 327 months imprisonment.

(Plea Agreement at 8.) The Court finds that Defendant's right to appeal falls squarely within the scope of this waiver. Defendant's argument that his waiver was not knowingly and voluntarily made is belied by the clear language of the Plea Agreement, signed by Defendant, and quoted above. *See United States v. Adams*, 332 F. App'x 352, 354 (8th Cir. 2009) (finding that the plea hearing colloquy shows that the Defendant knowingly

6

and voluntarily entered into the plea agreement and the appeal waiver). Moreover, during the hearing on Defendant's change of plea, the Court confirmed Defendant's understanding of the waiver. (Aug. 26, 2015 Hr'g Tr. at 26:11–15.)

In addition, the Court encouraged Defendant to speak with his attorney at any time prior to answering questions from the Court, and to ask for clarification if he did not understand any of the questions. (*Id.* at 3:10–12.) Defendant indicated that he had no difficulty understanding the Court's questions and that he had a full opportunity to discuss the charges against him with Mr. Paule. (*Id.* at 3:4–13; 10:12–14.) Mr. Paule likewise stated that he believed Defendant understood the charges against him and that he had sufficient time to talk with him about his decision to plead guilty. (*Id.* at 6:15–7:2; 12:15–20.)

Defendant has also presented no evidence that he pled guilty due to coaching, threats, or coercion. Defendant disavowed that his guilty plea resulted from any force, threats, coercion, or violence against him. (*Id.* at 33:19–25.) To the contrary, he agreed that his guilty plea was voluntarily made:

> Q: Okay. Very good. Sir, are you making this plea voluntarily and of your own free will?
>
> A: Yes, I am.
>
> Q: Has anyone forced you, threatened you, coerced you, or done any violence to you or any else to get you to — any one other person to get you to plead guilty?
> A: No.

(*Id.* at 56:17–23.)

7

> Q: Okay. Now, sir, other than what's contained in the plea agreement and the additional letter, has the Government or anyone else made any promises to you in an effort to get you to plead guilty?
>
> A: Uh, no, they haven't.

(*Id.* at 35:24–36:2.)

The facts here simply do not support Defendant's claim that his plea was not made knowingly and voluntarily, due to his counsel's ineffective assistance. As such, the Court rejects this basis for relief.

### C. Ineffective Assistance of Counsel

Defendant argues that Mr. Paule provided ineffective assistance of counsel to Defendant for six reasons: (1) counsel's failure to object to the three-level and two-level aggravating role enhancement; (2) counsel's failure to object to the two-level firearm enhancement under 18 U.S.C. § 924(c); (3) counsel's failure to file an appeal to the Eighth Circuit; (4) counsel's failure to properly brief certain suppression motions; (5) counsel's failure to properly argue the safety valve provision under 18 U.S.C. § 3553(f); and (6) counsel's failure to properly argue the defenses of "sentencing entrapment" and "sentencing manipulation." (*See* Def.'s Mem; Def.'s First Mot.; Def.'s Second Mot.)

The Court rejects each of these bases for relief. In addition, for each claim, Defendant has not shown that but for counsel's alleged errors, the outcome would have been different. *See Strickland*, 466 U.S. at 687. In the context of ineffective assistance claims arising out of the plea process, a "different outcome" requires a showing that it was reasonably probable, that but for counsel's alleged errors, the petitioner would have not pleaded guilty, but insisted on going to trial. *York*, 856 F.2d at 63 (citing *Hill*, 474

8

U.S. at 59). However, nowhere has Defendant stated that it was reasonably probable that, but for counsel's alleged errors, he would have insisted on going to trial.

### 1. Counsel's Alleged Failure to Object to the Aggravating Role Enhancements

Although the Plea Agreement stated that the Government would seek a two-level enhancement for an aggravating role, it reserved the right of Defendant to oppose this enhancement at sentencing. (Plea Agreement at 6.) After the Plea Agreement was reached, the Presentence Report ("PSR") concluded that Defendant was eligible for a three-level aggravating role enhancement. (PSR [Doc. No. 490] at 8.)

After the PSR was released, Mr. Paule did, in fact, object to the three-level aggravating role enhancement. Specifically, Mr. Paule challenged the enhancement four times. First, in Mr. Paule's November 30, 2016 letter to a U.S. Probation Officer, he challenged the facts and conclusions about the three-level leadership enhancement found in the PSR. (Gov't Resp. in Opp., Ex. 2.) Then, Mr. Paule filed a sentencing position paper objecting to the three-level leadership enhancement. (Def.'s Sentencing Position Mem. [Doc. No. 565] at 3–4.) Next, Mr. Paule filed a supplemental sentencing position paper arguing that he continued to "respectfully disagree[] with the PSR's proposed [three]-level enhancement for an aggravated role in this offense." (Def.'s Am. Sentencing Position Mem. [Doc. No. 566] at 1.) Finally, at sentencing, Mr. Paule explained that "we [are] objecting to []the [three]-level enhancement for . . . manager/supervisor." (Jan. 9. 2017 Hr'g Tr. at 3:16–22.)

However, Mr. Paule and the Defendant decided not to object to the two-level aggravating role enhancement. On January 7, 2017, before sentencing, Mr. Paule met with Defendant at the Sherburne County Jail. (Decl. of Robert Paule ¶ 12.) They "discussed the likelihood of losing this argument." (*Id.*) As a result, Mr. Paule and Defendant agreed that Mr. Paule would continue to object to the three-level aggravating role enhancement but withdraw his objection as to the two-level aggravating role enhancement. (*Id.*)

During sentencing, despite the PSR's findings that the Defendant was eligible for a three-level aggravating role enhancement, the Government honored the Plea Agreement and argued for only a two-level enhancement. (Jan. 9. 2017 Hr'g Tr. at 4:14–25; PSR at 8.) The Court ultimately found that the two-level aggravating role enhancement did apply. (Jan. 9. 2017 Hr'g Tr. at 17:7–12.) Mr. Paule made reasonable and sufficient efforts to object to each of the aggravating role enhancements. Thus, the Court rejects these bases for relief.

### 2. Counsel's Alleged Failure to Object to the Firearm Enhancement

In addition, although Defendant does not identify this ground for relief in his § 2255 motion, in his memorandum, Defendant argues that counsel failed to object to a two-level firearm enhancement. (Def.'s Mem at 13.) The PSR concluded that Defendant would be eligible for a two-level firearm enhancement. (PSR at 10.) Mr. Paule challenged the PSR's facts and conclusions about the two-level firearm enhancement in his November 30, 2016 letter and filed a sentencing position objecting to the two-level

firearm enhancement. (Resp. in Opp. by USA, Ex. 2; Position on Sentencing Mem. at 3–4.)

However, before the sentencing hearing, "[Mr. Paule and Defendant] discussed the evidence that would be brought to bear by the Government in support of a two-level aggravating role enhancement and decided to withdraw their opposition to the enhancement. (Decl. of Attorney Robert Paule at ¶ 13.) This conversation lead Mr. Paule to withdraw his objection to the two-level firearm enhancement in a supplemental sentencing pleading—a decision that Defendant stated he agreed with. (*Id.*; Def.'s Am. Position on Sentencing Mem. at 1.) The Court did impose the two-level firearm enhancement at sentencing. (Jan. 9. 2017 Hr'g Tr. at 17:7–12.) Therefore, the Court rejects this basis for relief.

### 3. Counsel's Alleged Failure to File an Appeal

Defendant challenges counsel's failure to file an appeal to the Eighth Circuit. (Def.'s Mem. at 11.) He asserts that he instructed Mr. Paule to file an appeal, which counsel refused to do, and that Mr. Paule was unresponsive to Defendant's efforts to discuss an appeal. (*Id.*)

The Court rejects this basis for relief. It appears that Defendant and Mr. Paule were in communication regarding a potential appeal. In his declaration, Mr. Paule explained that he spoke with Defendant on January 13, 2017, eight days after his sentencing. (Decl. of Attorney Robert Paule at ¶ 15.) At that meeting, "the [D]efendant told [him] he did not want []to file a Notice of Appeal or an Appeal." (*Id.*) Then, five

11

days later, without notice to Mr. Paule, Defendant mailed a notice of appeal from jail. (*Id.*; Def.'s Pro Se Notice of Appeal.)

During the course of the appeal to the Eighth Circuit, both Mr. Paule and Defendant made motions to remove Mr. Paule from Defendant's case. (Gov't Resp. in Opp., Ex. 3 & 5.) However, the Eighth Circuit denied both requests. (*Id.*) As such, Mr. Paule continued to represent Defendant in his appeal and filed a memorandum in support of Defendant's appeal. (Decl. of Attorney Robert Paule at ¶ 15.) Ultimately, the Eighth Circuit found that Defendant had waived his right to appeal. *Penaloza-Romero*, No. 17-1159, at 2–4.

### 4. Counsel's Alleged Failure to Properly Brief the Motion to Suppress

Defendant also challenges counsel's failure to properly brief the motion to suppress evidence obtained pursuant to certain search warrants. (Def.'s Mem. at 10.) However, Mr. Paule did file a pre-trial motion to suppress evidence seized pursuant to search warrants and filed a memorandum in support of this motion. (Def.'s Mot. to Suppress Evidence Seized Pursuant to Search Warrants [Doc. No. 146]; Def.'s Mem. in Support of Mot. to Suppress Evidence Seized Pursuant to Search Warrants [Doc. No. 221] ("Def.'s Support Mem.").) Specifically, Mr. Paule argued that some of the wiretaps of Defendant's cell phones were not justified by the requisite showing of necessity by the Government and that other searches of Defendant's property were performed without the requisite probable cause. (Def.'s Support Mem. at 2–3.)

The Magistrate Judge recommended denying the motion to suppress evidence seized pursuant to search warrants. (Report and Recommendation ("R&R") as to Eduardo

Penaloza-Romero [Doc. No. 260].) Mr. Paule then filed an objection to the Report and Recommendation, in which he continued to advocate for Defendant's position. (Def's Obj. to R&R [Doc. No. 272]). Although the Court eventually adopted the recommendation of the Magistrate Judge and denied the motion to suppress, it was not due to any ineffective assistance of counsel, but rather because the facts and law did not support Defendant's claims. (*See* R&R.) As such, the Court rejects this basis for relief.

### 5. Counsel's Alleged Failure to Invoke the Safety Valve Provision

Defendant challenges counsel's failure to properly address the possibility of a guidelines reduction under the safety valve provision, 18 U.S.C. § 3553(f)(1)–(5). (Def.'s First Mot. at 2.)

However, Mr. Paule's representation was not deficient because Defendant was clearly ineligible for relief. During Defendant's change of plea hearing, the Government explained to him that they did not believe Defendant was eligible for the safety valve provision for two reasons. First, the Government argued that an aggravating role enhancement applied, similarly precluding him from safety valve relief under 18 U.S.C. § 3553(f)(4). (Aug. 26, 2015 Hr'g Tr. at 19:1–8.) Second, the Government contended that a two-level firearm enhancement applied, precluding him from safety valve relief under 18 U.S.C. § 3553(f)(2). (*Id.*)

During sentencing, the Court did find that a two-level aggravating role enhancement and a two-level firearm enhancement were appropriate. (Jan. 9. 2017 Hr'g Tr. at 17:7–12.) As such, Mr. Paule understood that Defendant did not qualify for the safety valve provision. *See, e.g.*, *United States v. Leanos*, 827 F.3d 1167 (8th Cir. 2016)

13

(finding that a firearm enhancement disqualified the defendant from safety valve relief); *United States v. Irlmeier*, 750 F.3d 759 (8th Cir. 2014) (finding that an aggravating role enhancement disqualified the defendant from safety valve relief). Thus, the Court rejects this basis for relief.

   6.  **Counsel's Alleged Failure to Object to "Sentencing Entrapment" and "Sentencing Manipulation"**

Defendant also challenges counsel's failure to properly argue the defenses of "sentencing entrapment" and "sentencing manipulation." (Def.'s Second Mot. at 3–7.) "Sentencing entrapment occurs when official conduct leads a defendant predisposed to deal only in small quantities of drugs to deal in larger quantities, leading to an increased sentence." *United States v. Berg*, 178 F.3d 976, 981 (8th Cir. 1999). "The critical question is whether the defendant was 'predisposed to deal only in small quantities of drugs.'" *United States v. Warren*, 788 F.3d 805, 813 (8th Cir. 2015).

In contrast to "sentencing entrapment," "sentencing manipulation focuses on 'whether the government stretched out the investigation merely to increase (the defendant's sentence)[.]'" *United States v. Mai Vo*, 425 F.3d 511, 514 (8th Cir. 2005) (quoting *United States v. Shephard*, 4 F.3d 647, 649 (8th Cir. 1993)). "Police must be given sufficient leeway to construct cases built on evidence that proves guilt beyond a reasonable doubt." *United States v. Calva*, 979 F.2d 119, 122–23 (8th Cir. 1992).

However, the Court rejects both of these bases for relief. There is more than sufficient evidence in the record to demonstrate Defendant's predisposition to sell large quantities of drugs before the government's involvement. Defendant offered to sell a

confidential informant up to "30 pounds of methamphetamine, an unspecified amount of cocaine, and large quantities of high grade[] marijuana." (Gov't Resp. to Def.'s Second Mot. [Doc. No. 656] at 6.) Defendant also sent his younger brother to deliver approximately 442 grams of methamphetamine that same day. (*Id.* at 7.) In addition, government agents determined from a wiretap that Defendant was the "intended recipient of 10 pounds of methamphetamine" coming from California. (*Id.*) Finally, during a subsequent search warrant, agents seized a thermos containing 1.485 liquid kilograms of methamphetamine from Defendant's home. (*Id.*)

Defendant has also not presented any evidence to show that the Government expanded the investigation to increase his sentence. Defendant was sentenced based on controlled purchases that were directly attributable to Defendant through a wiretap conducted in the summer of 2014. (*Id.* at 8.)

### D. Evidentiary Hearing

A petitioner is not entitled to a hearing on a § 2255 motion if "the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In particular, a petition can be dismissed without an evidentiary hearing if: "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

Here, Defendant requests a hearing arguing that the facts underlying his claims are in dispute. (Def.'s Mem. at 11–12.) Contrary to his claims, however, the record is quite

15

clear that Defendant's guilty plea was knowingly and voluntarily made. (Aug. 26, 2015 Hr'g Tr. at 3:4–13; 10:12–14.) Mr. Paule properly objected to the potential sentencing enhancements and assisted Defendant in his appeal to the Eighth Circuit and properly briefed a memorandum relating to the motion to suppress evidence seized pursuant to search warrants. (Decl. of Attorney Robert Paule at ¶ 15.) Under these facts, no evidentiary hearing is warranted.

### E. Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." *Fleiger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a certificate of appealability.

## III. Order

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's pro se motion pursuant to 28 U.S.C. § 2255 for an order of this Court to vacate, set aside, or correct his sentence [Doc. No. 613] is **DENIED**;

2. No evidentiary hearing is required in this matter; and

3. A Certificate of Appealability is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 7, 2019
s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge