# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Eduardo Penaloza-Romero,<br><br>Defendant. | Case No. 14-cr-289(8) (SRN/BRT)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Allen A. Slaughter, Jr., Department of Justice - United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Eduardo Penaloza-Romero, Reg. No. 18184-041, Federal Corrections Institute Sandstone, P.O. Box No. 1000, Sandstone, MN 55072, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

Before the Court is Defendant Eduardo Penaloza-Romero's *pro se* Motion to Reopen 28 U.S.C. § 2255 Habeas Proceedings Pursuant to Fed. R. Civ. P. 60(b) (Doc. No. 670). Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** Penaloza-Romero's Motion.

## I.    BACKGROUND

### A.    History of the Case

The Court is familiar with the facts and history of this case, having previously ruled on Defendant's motions to suppress, *see United States v. Penaloza-Romero* ("*Penaloza-Romero Mot. to Suppress Order*", No. 14-cr-289(8) (SRN/JSM), 2015 WL 3742994, at *1–3 (D. Minn. June 15, 2015), and his prior Motion to Vacate under § 2255. *See United States*

*v. Eduardo Penaloza-Romero* ("*Penaloza-Romero § 2255 Order*"), No. 14-cr-289(8) [Doc. No. 660] (D. Minn. Jan. 7, 2019). Moreover, the Eighth Circuit has also reviewed Defendant's case on direct appeal from his conviction. *See United States v. Penaloza-Romero* ("*Penaloza-Romero III*"), No. 17-1159 [Doc. No. 618] (8th Cir. Feb. 9, 2018). Accordingly, the Court only briefly recounts the history of this case.

### 1. Factual History, Indictment, Guilty Plea, and Sentencing

Penaloza-Romero was a leader of a drug trafficking organization that transported methamphetamine from California and distributed it in Minneapolis and Saint Paul, Minnesota. *Penaloza-Romero III*, No. 17-1159 at 2. On August 26, 2015, following his indictment, Defendant pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), and 846 (2012). (*See* Aug. 26, 2015 Min. Entry [Doc. No. 311].) In the Plea Agreement, Defendant admitted that he conspired with others to distribute methamphetamine and marijuana. (*Penaloza-Romero § 2255 Order* at 2.) Also pursuant to the Plea Agreement, Defendant waived his right to appeal his sentence unless it was greater than 327 months imprisonment. (*Id.*)

At the hearing on his change of plea, Defendant testified under oath that he was satisfied with his counsel's representation, and had had sufficient time with counsel to discuss the charges against him, the Plea Agreement, and his decision to plead guilty. (*Id.*) He also testified—three times in response to questions from the Court and counsel for the Government—that he specifically understood that he was waiving his right to appeal his sentence unless the sentence was greater than 327 months. (*Id.*) Defendant was sentenced to 196 months in prison. (Sentencing Judgment [Doc No. 569] at 2.)

### 2. Appeal to the Eighth Circuit

Despite the waiver in his Plea Agreement, Defendant timely filed a *pro se* appeal to the Eighth Circuit. (*See* Notice of *Pro Se* Appeal [Doc. No. 572].); *see also Penaloza-Romero III*, No. 17-1159 at 2. The Eighth Circuit dismissed his appeal, citing Defendant's appeal waiver in his plea agreement, and held that "the change of plea hearings and plea agreements confirm that Penaloza-Romero . . . knowingly and voluntarily accepted the plea agreements and waived [his] rights to appeal." *Id.* at 2–3. The Eighth Circuit also concluded that enforcement of Defendant's waiver would not result in a miscarriage of justice. *Id.* at 3.

### 3. Prior § 2255 Motion

Before the Eighth Circuit's decision on Defendant's appeal, he filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255 (2012). (*See* Def.§ 2255 Mot. to Vacate [Doc. No. 613].) He argued that his plea was involuntary and unknowing, and that he received ineffective assistance of counsel stemming from (1) his counsel's purported failure to object to a three-level and two-level enhancement for an aggravating role; (2) his counsel's failure to object to the two-level firearm enhancement; (3) his counsel's failure to file an appeal to the Eighth Circuit; and (4) his counsel's failure to properly brief certain suppression motions. (*See* Def.'s Mem. in Supp. of § 2255 Mot. [Doc. No. 614].) The Court permitted Defendant to amend his original § 2255 motion twice—on October 26, 2018 and November 19, 2018—to add additional claims alleging that his counsel failed to (1) properly argue the safety valve provision under 18 U.S.C. § 3553(f) (2012), and (2) argue the defenses of "sentencing entrapment" and "sentencing manipulation." (*See* Min. Order [Doc. No. 650] (granting first motion for leave to amend § 2255); Min. Order [Doc. No. 655] (same as to

second motion to amend); Def.'s 2d Mot. for Leave to Amend § 2255 Mot. [Doc. No. 654] at 3–7 (entrapment and manipulation claims); Def.'s First Mot. for Leave to Amend § 2255 [Doc. No. 648] (safety value claim).)

On January 9, 2019, the Court denied Defendant's § 2255 Motion. (*See Penaloza-Romero § 2255 Order* at 1.) It held that Defendant failed to show that his plea was involuntary, or that he was threatened, coerced, or otherwise forced to enter a guilty plea. (*Id.* at 6–8.) The Court also rejected Defendant's ineffective assistance claims. Regarding counsel's purported failure to raise certain arguments at sentencing, the Court noted that either (1) counsel had actually raised those arguments, (2) counsel had not done so after speaking with Defendant about the futility of certain arguments; or (3) the arguments that counsel did not advance were futile. (*See id.* at 9–11, 13–15.) With respect to counsel's purported failure to file an appeal, the Court noted that counsel had not filed an appeal at the express direction of Defendant. (*See id.* at 11–12.) Accordingly, the Court denied Defendant's § 2255 Motion, and denied both an evidentiary hearing and certificate of appealability. (*Id.* at 15–17.)

### B.  Present Motion

On January 8, 2020, Defendant filed the present Motion to Reopen 28 U.S.C. § 2255 Habeas Proceedings Pursuant to Fed. R. Civ. P. 60(b). (*See* Def. Mot. to Reopen [Doc. No. 670].) In his motion, which rests specifically on Fed. R. Civ. P. 60(b)(1), he claims that the Court should reopen his § 2255 proceeding because the Court made a mistake in "fail[ing] to reach the merits of certain claims," and that such a mistake resulted in a defect in the integrity of the federal habeas proceedings. (*Id.* at 1.) He asserts the Court failed to (1) make a finding

that he entered his guilty plea "intelligently"; (2) make a factual record that his guilty plea was "valid"; (3) resolve conflicts between his sworn statements and his counsel's statements in the prior § 2255 order; and (4) apply the appropriate legal standard to his ineffective assistance of counsel claim. (*Id.* at 2–4.)

## II.    DISCUSSION

The Court denies Defendant's motion because (1) it is actually a second or successive motion for habeas relief, not a motion under Fed. R. Civ. P. 60(b)(1), and is therefore barred; and (2) even construed as a Rule 60(b)(1) motion, it fails procedurally and on the merits. The Court addresses each reason in turn.

### A.    Petitioner's Motion is a "Second or Successive" Habeas Petition

The law limits a defendant to one § 2255 motion unless he obtains certification for a second or successive motion from the Court of Appeals. *See* 28 U.S.C. §§ 2244, 2255(e), (h) (2018). Despite this rule, the Eighth Circuit has noted that prisoners have attempted to use Rule 60(b) to bypass the authorization requirement in § 2255. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curium) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."), *cert. denied*, 545 U.S. 1135 (2005). Accordingly, the Eighth Circuit has instructed that when a petitioner files a Rule 60(b) motion in a closed habeas proceeding—like the one at issue—a district court should "conduct[] a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254." *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002), *cert.*

*denied*, 538 U.S. 953 (2003).  If the Rule 60(b) motion is "actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, [] transfer the [] motion to the Court of Appeals." *Id.*

District courts have jurisdiction to consider Rule 60(b) motions in habeas proceedings so long as the motion attacks "not the substance of the court's resolution of the claim on the merits, but some defect in the integrity of the habeas proceedings." *Rouse v. United States*, No. CIV 06-4008, 2020 WL 1287986, at *4 (D.S.D. Mar. 18, 2020) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).[1]  "A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009), *cert. denied*, 559 U.S. 1051 (2010).  In this context, "claim is defined as . . . an attack on the 'federal court's previous resolution of the claim *on the merits*.' " *Id.* (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530, 532 (2005)).  The phrase "on the merits," refers to " 'a determination that there exist or do not exist grounds entitling petitioner to habeas corpus relief . . . ." *Id.*

Here, Defendant's motion to reopen is a thinly veiled attack on the merits of the Court's prior resolution of his § 2255 motion, and accordingly constitutes an unauthorized second or successive § 2555 motion.  In substance, Defendant claims that the district court erred by not making a finding that he entered into his plea agreement (containing his waiver

---

[1]     Although *Gonzalez* involved a habeas petition under 28 U.S.C. § 2254, because § 2254 and § 2255 are nearly identical in substance, the Eighth Circuit has applied *Gonzalez* to Rule 60(b) motions to reopen § 2255 proceedings. *See United States v. Lee*, 792 F.3d 1021, 1023–25 (8th Cir. 2015) (using *Gonzalez* to determine if a Rule 60(b) motion was successive under § 2255).

of his right to appeal) voluntarily and intelligently (*see* Def. Mot. to Reopen at 2–3), and that the Court's error stemmed from its failure to properly address "the Bousley and Brady standard[.]" (*Id.* at 3.) Accordingly, Defendant asserts that he is "entitled to a specific finding that his plea waivers are invalid." (*Id.*) This alone constitutes an "attack on the merits" of the Court's prior decision—indeed, it requests the same relief he sought in his § 2255 motion (*see* Def.'s Mem. in Supp. of § 2255 Mot. [Doc. No. 614])—which renders it a second or successive petition. *See Ward*, 577 F.3d at 933.

Defendant also argues that the Court erred by relying on his prior counsel's affidavit over his testimony (*id.*), and that the Court applied the wrong standard for prejudice in relation to his claims that his counsel was ineffective. (*Id.* at 4). As a result, he asserts that he "involuntarily and unintelligently entered [his] plea" and that his § 2255 proceeding should therefore be reopened. (*Id.*) Just like his other arguments, these contentions amount to a claim that the Court was simply wrong in its prior determination—both as to the facts and the law—and are therefore direct attacks on the merits of the Court's prior order. *Ward*, 577 F.3d at 933. Accordingly, although Defendant's motion is styled as a "motion to reopen" under Rule 60(b)(1), the Court construes his motion as a second or successive motion under § 2255 and dismisses it for "failure to obtain authorization from" the Eighth Circuit. *Boyd*, 304 F.3d at 814.

### B.     Petitioner's Motion Fails Procedurally and the Merits

Even assuming Defendant's motion is a proper Rule 60(b)(1) motion (which it is not), it still fails both procedurally and on the merits. First, the motion fails procedurally because it is untimely. While Penaloza-Romero appears to have filed his motion within one year of

the Court's disposition of his § 2255 motion,[2] the Eighth Circuit has held that a Rule 60(b) motion alleging mistake by a court—i.e., "judicial inadvertence"—must "be made within the time period allowed for appeal" in order to "prevent its use as a substitute for appeal[.]" *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980) (citing *CRI, Inc. v. Watson*, 608 F.2d 1137, 1143 (8th Cir. 1979)); *see also Delatejera v. Bowersox*, No. 4:12-cv-1311 NAB, 2015 WL 300379, at *3 (E.D. Mo. Jan. 22, 2015) (same). The Court issued its decision on Defendant's § 2255 motion on January 9, 2019. The present motion was filed in January of 2020, long after the applicable 30-day window for any appeal. *See* Fed. R. App. P. 5(a)(2) (noting that Fed. R. App. P. 4(a) applies where no other rule sets forth a different time limit for appeal); Fed. R. App. P. 4(a)(1)(A) (providing 30 days from date of judgment to file an appeal in a civil case). Accordingly, it is untimely.

But even if Penaloza-Romero's motion is construed as a Rule 60(b)(1) motion (which it is not) and even assuming he had filed it on time (which he did not), it would still fail on the merits. Penaloza-Romero's motion asserts that the Court—not a party—made a mistake. (Def. Mot. to Reopen at 1 (asserting a mistake by the Court).) "It has long been the law of this Circuit that relief under [R]ule 60(b)(1) for judicial error other than judicial inadvertence is not available." *Delatejera*, 2015 WL 300379, at *3 (citing *Lowry v. McDonnel Douglas Corp.*, 211 F.3d 457, 460–61 (8th Cir. 2000), *cert. denied*, 531 U.S. 929 (2000)). Put another way, "arguing that a court misunderstood or misapplied the law is not grounds for relief under

---

[2]     *See* Fed. R. Civ. P. 60(c)(1) (requiring that a motion under Rule 60(b) be "made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order on the date of the proceeding").

Rule 60(b)(1)." *Nichols v. United States*, Nos. 4:00-cr-00022 (WRW), 4:05-cv-00625 (WRW), 2006 WL 3420303, at *2 (E.D. Ark. Nov. 28, 2006) (citation omitted) (considering a motion to reconsider denial of § 2255 motion).

Here, Defendant's arguments consist of asserted factual errors and legal errors that attack the substance of the Court's prior order, not the integrity of the proceedings, and accordingly cannot form the basis for relief under Rule 60(b)(1). *See Rouse*, 2020 WL 1287986, at *4 (citing *Gonzalez*, 545 U.S. at 532). He first claims that the Court "failed to make a finding [that he] entered [into his] plea [agreement] intelligently." (Def. Mot. to Reopen at 2.) That assertion is false. While the Court did not explicitly use the word "intelligently" in its order, it did expressly hold that the Plea Agreement itself indicated that Defendant had entered into it knowingly and voluntarily. (*Penaloza-Romero § 2255 Order* at 7.) Moreover, the Court noted that it had confirmed his knowing and voluntary decision at Penaloza-Romero's change-of-plea hearing. (*Id.* at 8.) In fact, at that hearing, Penaloza-Romero confirmed that the Plea Agreement he signed had been translated into Spanish for him (Aug. 27, 2015 Change of Plea H'rg Tr. at 12:21–23), and that by pleading guilty, he was waiving his rights "knowingly, intelligently, and voluntarily[.]" (*Id.* at 27:22–25, 28:1.) Finally, after the government went through the entire plea agreement with the Defendant on the record, the Court confirmed that he understood what he was doing and was making his plea voluntarily and of his own free will. (*Id.* at 56:17–19, 57:5–14.) Accordingly, even on the merits, this portion of Defendant's claim fails.

Defendant next contends that the Court failed to determine that his "guilty plea waiver" was valid because the Court "fail[ed] to properly address the Bousley and Brady standard" as

set forth in his first argument. (Def.'s Mot. to Reopen at 3.) As noted above, the Court did in fact address whether Defendant's guilty plea was entered into knowingly, intelligently, and voluntarily, so this argument lacks merit. Moreover, to the extent this argument suggests the Court erred in applying the law to his case, such an assertion cannot form a basis for a Rule 60(b)(1) challenge based on judicial inadvertence. *See Nichols*, 2006 WL 3420303, at *2 ("[A]rguing that a court misunderstood or misapplied the law is not grounds for relief under Rule 60(b)(1)).")

Next, Defendant claims that the Court erred by failing to resolve conflicts between his sworn testimony and affidavit attached to his § 2255 petition and that of his trial counsel. (Def.'s Mot. to Reopen at 3.) Specifically, he asserts that he was coached or threatened into pleading guilty, contrary to his attorney's statements, and that the Court erred in not resolving which of the two statements was correct. (*Id.* at 3–4.) This assertion is also false. In its prior order, the Court concluded that Penaloza-Romero's bare assertions that he pled guilty as a result of coaching, threats, or coercion were not supported by any evidence at all. (*Penaloza-Romero § 2255 Order* at 7 (noting that "Defendant has also presented no evidence that he pled guilty due to coaching, threat, or coercion" and quoting Defendant's own words from the change-of-plea hearing to that effect).

Finally, Defendant claims that the Court failed to apply the correct standard in evaluating his ineffective assistance of counsel claims. (Def.'s Mot. to Reopen at 4.) Much like his other claims, this fails as well. Not only is this assertion the kind that cannot form the basis for relief under a Rule 60(b)(1) motion in this context, *see Nichols*, 2006 WL 3420303, at *2, but it is also false. The Court applied the standard set forth in *Strickland v. Washington*,

466 U.S. 668, 688 (1984), to Defendant's claims of ineffective assistance of counsel. (*Penaloza-Romero § 2255 Order* at 4–5.) That standard was, and remains, the appropriate legal standard by which to analyze claims of ineffective assistance of counsel, even in petitions for habeas relief. *See United States v. Xiong*, No. 16-cr-167 (SRN/HB), 2020 WL 733407, at *4 (D. Minn. Feb. 13, 2020) (applying *Strickland* standard to ineffective assistance of counsel claims brought in motion to vacate under § 2255).

## III. CONCLUSION

Based on the submission and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Eduardo Penaloza-Romero's Motion to Reopen 28 U.S.C. § 2255 Habeas Proceedings Pursuant to Fed. R. Civ. P. 60(b) (Doc. No. 670) is **DENIED.**

**IT IS SO ORDERED.**

Dated: March 30, 2020                    s/Susan Richard Nelson
                                         SUSAN RICHARD NELSON
                                         United States District Judge